Frank J. VALENTI

v.

**INTERNATIONAL MILL SERVICES, INC., et al.**

**Civ. A. No. 84–1218.**

United States District Court, E.D. Pennsylvania.

.

March 6, 1985.

George P. Wood, Norristown, Pa., for plaintiff.

Michael F. Kraemer, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendants International Mill Services, Inc. (IMS) and IU International Corporation's (IU) motion for summary judgment pursuant to Fed.R. Civ.P. 56. Plaintiff Valenti asserts that he was discharged from employment because of his age, in violation of the Age Discrimination in Employment Act, (ADEA) 29 U.S.C. § 621, *et seq.*, the Employees' Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, the Pennsylvania Human Relations Act, 43 P.S. § 959, and general tort law. See *Valenti v. International Mill Services, Inc.*, No. 84–1218 (E.D.Pa. September 28, 1984); *Valenti v. International Mill Services, Inc.*, No. 84–1218 (E.D.Pa. November 21, 1984) (denial of defendants' earlier motion for summary judgment).

Defendants contend that the plaintiff has signed a valid release. Indeed, the defendants submitted for my consideration an agreement made between the parties. This agreement contains *inter alia* a general release which states in pertinent part:

In consideration of the foregoing, you hereby release IMS and all of its subsidiaries, divisions and related corporations from any and all actions, causes of actions, claims and demands whatsoever, which you, your heirs, executors or administrators ever had, now have or may

have against such entities by reason of any matter, course or thing whatsoever.

Plaintiff Valenti and by amicus curiae the Equal Employment Opportunity Commission (EEOC) advance two arguments which they assert would be grounds for denying the summary judgment. First, plaintiff and the EEOC assert that because the language of the release was of a broad general nature, coupled with the fact that plaintiff had no specific knowledge or intent to waive his age discrimination claim, an issue of fact is presented. Namely, the issue presented is whether or not the general release can be construed as plaintiff's relinquishment of his claim for age discrimination. Second, plaintiff and the EEOC assert that claims under the ADEA cannot be waived unless the EEOC is a participant in the negotiations for the release.

I need only address the first argument raised by plaintiff to dispose of this motion. Because of Congress' activities in regulating age discrimination by enactment of the ADEA, courts must place a higher burden on individuals who seek to have such rights waived. Defendants assert that *Three Rivers Motors Company v. The Ford Motor Company*, 522 F.2d 885 (3d Cir.1975) should control this court's interpretation of the release. In *Three Rivers Motors Company* the plaintiff sought to bring an antitrust action against an automobile manufacturer. The Third Circuit held that the release, although couched in general waiver language, would be construed to effectuate its plain meaning, notwithstanding the subjective intentions of the parties. Judge Forman speaking for the court reasoned: "Thus, Pennsylvania law is clearly that where the parties manifest an intent to settle all accounts, the release will be given full effect even as to unknown claims." (footnotes omitted) *Id.* at 896.

Here, the court is concerned with the civil rights of the plaintiff. Indeed, Judge Forman included a caveat to the above quoted passage which states in particular part: "Upholding the validity of the release

**38**

in these circumstances does not offend public policy." *Id.* at 896, n. 27.

■ The court here is dealing with plaintiff's civil rights. A broad release which does not mention the instant age discrimination claim coupled with the fact that the parties never discussed the general release and thus did not shed any light as to its meaning and the parties' intentions, cannot be construed as a waiver of the claim. Indeed, a trier of fact must decide the question as to whether or not plaintiff waived the claim. Thus, this matter is distinguished from *Runyan v. NCR Corporation*, 573 F.Supp. 1454 (S.D.Ohio 1983) which defendants rely upon for authority for their position. In *Runyan* the plaintiff was discharged and signed a general release for certain consideration. Subsequently, Runyan brought an action for age discrimination. However, the court was faced with the fact that the plaintiff was an experienced labor attorney, who further acknowledged the fact that when confronted with the release, he considered whether or not he was being discharged because of his age. Thus, the court held that Runyan had knowingly and voluntarily waived his rights. Here, plaintiff is an engineer with a masters degree, and never thought at the time he was being discharged that he may have been discriminated against because of his age or that he possibly had an age discrimination claim.

Defendants also argue that this court is bound by *Stump v. Ganflec Construction Company, Inc.*, No. 80–650 (M.D.Pa. December 11, 1980), *aff'd.*, 671 F.2d 496 (3d Cir.1981). However, upon review of *Stump*, all the district court issued was an order granting summary judgment without a memorandum or opinion. The Third Circuit issued a judgment order affirming the district court's order. Without more I cannot uncover the reasons why the district court granted the summary judgment or why the Third Circuit affirmed the summary judgment.[1] Therefore, clearly *Stump*

cannot be authority for the position that a general release must be construed as to release age discrimination claims.

For all the reasons, defendants have not established the absence of a genuine issue of fact. Accordingly, defendants' motion for summary judgment must be denied.

---

**1.** The Third Circuit did cite *Three Rivers Motors Company* in its judgment order. But without more I would only be speculating as to the facts in *Stump* and how *Three Rivers Motors Company* is applicable to it.